# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JEFFREY ALAN MCFERRAN,     )
                             )
          Plaintiff,     )
                             )
v.                        )     Case No. CIV-09-370-FHS
                             )
MICHAEL J. ASTRUE,        )
Commissioner of Social     )
Security Administration,   )
                             )
          Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff Jeffrey Alan McFerran (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 12, 1968 and was 40 years old at the time of the ALJ's decision. Claimant has a high school education and two years of college. Claimant worked in the past as a postal clerk. Claimant alleges an inability to work beginning February 13, 2007 due to status post knee surgery, status post hernia

surgeries, status post right shoulder surgery, degenerative disk disease of the lumbar spine, degenerative disk disease of the cervical spine, coronary artery disease, hypertension, obesity, depression, and mood disorder.

## Procedural History

On February 14, 2007, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On October 24, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On February 4, 2009, the ALJ issued an unfavorable decision on Claimant's application. On July 30, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") sufficient to perform sedentary work with additional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to perform a proper determination at steps 3 and 5 of the sequential evaluation process; (2) failing to properly evaluate Claimant's award of 100 percent service connected disability; and (3) failing to perform a proper credibility analysis.

## Steps Three and Five

Claimant contends the ALJ erred in his evaluation of the evidence of a mental impairment by characterizing Claimant's condition as non-severe. (Tr. 17). Episodes of decompensation are to be considered in the assessment of a mental impairment.

> Episodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace. Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two). Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.
>
> 1. The term repeated episodes of decompensation, each of extended duration in these listings means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks. If you have experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be

used to substitute for the listed finding in a determination of equivalence.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(4).

In this case, Claimant contends he required a period of extended sick leave from September of 2005 through February of 2006 because of back pain and depression. (Tr. 101). He was attended by Dr. Gary D. Lovell. Dr. Lovell noted Claimant suffered from depression in the notes cited by Claimant from October 11, 2005, anxiety on October 25, 2005, depression on November 7, 2005, depression on December 5, 2005 (Prozac was increased to 60 mg per day), anxiety and depression on December 19, 2005, improvement in depression on January 3, 2006, improving depression on January 13, 2006. (Tr. 279-301). The ALJ recognized Claimant's treatment by Dr. Lovell for depression, anxiety and general medical complaints during this period. (Tr. 19). This episode could be considered one of decompensation since, as required by the regulations, an increase in treating medication and counseling occurred during this time. However, the regulations require that the episodes of decompensation be repeated and of extended duration to be considered as satisfying the fourth broad functional area under paragraph B to meet Listings 12.04 and 12.06. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(4); Cowan v. Astrue, 552 F.3d 1182, 1186 (10th Cir. 2008). Claimant's episode does not satisfy this fourth area.

Similarly, Claimant contends the ALJ adopted the state agency's Psychological Review Technique ("PRT") when it was not supported by substantial evidence. A PRT was completed by Dr. Laura Lochner on March 23, 2007. She found Claimant to only have mild limitations. (Tr. 508-20). Claimant suggests his inability to attend church and his "social phobia" demonstrates marked limitations. This is merely Claimant's characterization of his mental state without medical support. Dr. Lovell concluded Claimant's mental condition was "fairly well controlled currently" and found no functional limitations in March of 2007. (Tr. 464). The ALJ's findings and consideration of the PRT are supported by substantial evidence in the medical record.

Continuing, Claimant contends the hypothetical questions posed by the ALJ to the vocational expert failed to include his mental impairments and, therefore, resulted in a faulty finding at step five. Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). In this case, however, the ALJ included all restrictions which were supported by medical evidence in his questioning of the vocational expert. This Court finds no error in the ALJ's step five analysis.

## Disability Rating

Claimant was found to be 100 percent service related disabled by the Veteran's Administration. Claimant contends the ALJ must explain the reason for rejecting another agencies disability rating. "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). The ALJ discussed the fact the VA's rating was not binding but also stated it was considered but then cited to the medical record before him as the basis for rejecting the VA's rating. No error may be attributed to the manner in which the ALJ addressed the VA's rating.

## Credibility Determination

This Court has reviewed the credibility findings of the ALJ in this case under the rubric of Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). The ALJ has closely and affirmatively linked his findings to substantial medical evidence in the record. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. This Court finds no basis to invade the

evaluation of credibility performed by the ALJ in this case.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE