```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF OKLAHOMA
```

JEFFREY ALAN MCFERRAN,            )
                                  )
       Plaintiff,                 )
                                  )
v.                                )    No. CIV-09-370-FHS-KEW
                                  )
CAROLYN W. COLVIN[1], Commissioner )
Social Security Administration    )
                                  )
       Defendant.                 )


**OPINION AND ORDER**


Plaintiff's counsel filed An Amended Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 46) on October 30, 2013. On August 19, 2011, the United States Court of Appeals for the Tenth Circuit entered an order and judgment remanding this case to this court for further Administrative proceedings. On October 11, 2011, this court remanded this case to the Defendant for further administrative action under sentence four of 42 U.S.C. § 405(g). Plaintiff received a Notice of Recommended Decision on February 6, 2012, recommending that he be found disabled since February 13, 2007. A final decision was deferred to the Appeals Council. Neither Plaintiff or his counsel received notification

---

[1] The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Asture as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

1

of a Final decision. However, retroactive benefits were calculated in a letter dated October 16, 2013. On this same date, Plaintiff's counsel was notified by the Social Security Administration that 25% of Plaintiff's retroactive benefits or $23,439.00 had been withheld by the agency for the payment of attorney's fees. This means that Plaintiff's total retroactive benefit was $93,756.00. However, this does not include the retroactive benefit payable to Plaintiff's two minor children. This amount was $48,615.00. 25% of their retroactive benefits would also be withheld for attorney fees. This total is $12,153.75. The total amount of retroactive benefits paid to Plaintiff is $142,371.00. Plaintiff's counsel is requesting $30,051.12 in fees which is below the 25% allowable. Plaintiff's counsel has previously been paid $9,958.70[2] in EAJA fees.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). Plaintiff has 14 days from the judgment to file the motion. Fed.R.Civ.P. 54(d)(2)(B)(i). This court had previously granted Plaintiff's Motion for 60(b)(6) relief. As a result, Plaintiff's Motion is timely filed. Defendant declines to assert a position as to the reasonableness of the fees since it is not the real party interest.

---

[2]Plaintiff in his Amended Motion incorrectly stated the amount of fees he received as $9,958.10.

2

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $30,051.12 for counsel's representation of Plaintiff before the Court.  Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b).  Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $30,051.12.  The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $30,051.12 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 46) is granted in the amount of $31,051.12.  Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($9,958.70) previously awarded under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d). This refund is for the full EAJA amount, without any withholding, offset, or deduction.

**It is so ordered** this 18th day of November, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma